Filed 8/19/24  P. v. Stevenson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099485 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2022-0010006) |
| v. | |
| KEAREA STEVENSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kearea Stevenson has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

Defendant and her then boyfriend, K.F.,[1] were friends with Steven S., with whom each had lived with in the past.  By October 2022, defendant and K.F. separated and K.F. once again lived with Steven S.  K.F. also kept his car at Steven S.'s home.

---

[1]    To protect their privacy, we refer to the witnesses by their initials or first name and last name initial.  (Cal. Rules of Court, rules 8.90(b)(10).)

1

Defendant previously said she was going to take the car and wanted K.F. to sign it over to her. On October 7, 2022, K.F. called Steven S. and told him that defendant was on her way to the house and that she was likely going to "act crazy" and try to take the car. Although he had the keys, K.F. asked Steven S. to try to move the car, because he was concerned defendant would vandalize it.

Defendant arrived at Steven S.'s house in a white SUV and jumped over a fence. Steven S. tried to talk to defendant, to de-escalate the situation and prevent her from going to K.F.'s car, but defendant pulled a gun out of her pants pocket. On her way to the car, she repeatedly shoved Steven S. backwards. Once she got to the car, she hit it with the gun, denting the side. Steven S. tried to block the car door, but defendant was able to open it. She shoved Steven S. with the car door and pointed the gun at his chest. Defendant looked through documents in the glove compartment, took some papers, and left the property. Steven S.'s friend, N.L., saw defendant with a gun and called 911.

San Joaquin Sheriff's Deputy Joel Estrada responded to a call about an armed female driving a white Ford SUV. He found the SUV and made a traffic stop. Defendant was the only person in the SUV. Deputy Estrada searched the SUV and found a firearm inside a small purse behind the passenger seat.

Defendant testified she and K.F. agreed that she would pick the car up from Steven S.'s property, because they were going to share the vehicle. Before she went to Steven S.'s house, she and K.F. argued and he told her not to pick up the car. Before going to Steven S.'s house, defendant was at the shooting range. When she left the range, she put the gun in her purse and drove to Steven S.'s home. Defendant told Steven S. she was getting "stuff out of the car." She walked to the car with Steven S. and N.L. She did not touch or shove Steven S. N.L. threatened to call 911 and appeared to be recording the incident on her cell phone. When they got to the car, Steven S. and N.L. tried to prevent her from getting into it by blocking the passenger and driver side doors. A few minutes later, N.L. went back to the house, and Steven S. continued to argue with defendant.

2

While getting the car key out of her purse, defendant briefly took the gun out of her purse. Once she had the car key, she put the gun back in the purse. She did not point it at anyone and did not hit anyone with it. Defendant acknowledged hitting the car with her hand while holding the gun, and hearing metal hitting metal. She instantly put the gun back in her bag.

Defendant got in the car to find ownership papers signed when she and K.F. bought the vehicle. Steven S. became increasingly angry and threatened to report her for brandishing a weapon and assault. She drove away from the property and was stopped by a deputy sheriff a few minutes later.

A jury found defendant guilty of assault with a semiautomatic firearm (Pen. Code,[2] § 245, subd. (b)) and carrying a concealed weapon (§ 25400, subd. (a)(1)) and not guilty of vandalism (§ 594, subd. (b)(1)).

Before sentencing, defendant filed a motion to vacate the assault with a semiautomatic firearm verdict, as there was no evidence presented as to whether the gun in evidence was a semiautomatic firearm. The People opposed the motion. After considering the filings and hearing additional argument, the trial court set aside the jury's verdict for assault with a semiautomatic firearm and found defendant guilty of the lesser included offense of assault with a firearm (§ 245, subd. (a)). The trial court suspended imposition of the sentence for two years and placed defendant on probation, with various terms and conditions of probation including serving 120 days in county jail and completing a 52-week domestic violence program. The trial court also imposed a $300 restitution fund fine (§ 1202.4), imposed and stayed an identical probation revocation fine (§ 1202.44), imposed a $60 conviction assessment (Gov. Code, § 70373, subd. (a)(1)), an

---

[2] Undesignated section references are to the Penal Code.

3

$80 security fee (§ 1465.8), and a $500 domestic violence fund fine (§ 1203.097, subd. (a)(5)).

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____\s\_____
Krause, J.

We concur:

_____\s\_____
Hull, Acting P. J.

_____\s\_____
Feinberg, J.